UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVIS BROEKER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:22CV00457HEA |
| UNITED STATES OF AMERICA, | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the court on Petitioner's Motion for Appointment of Counsel, [Doc. No. 9]. The Court notes that there is no constitutional or statutory right to the appointment of counsel in a civil case. *Phillips v. Jasper County Jail* 437 F.3d 791, 794 -795 (8th Cir. 2006). The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir.1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir.2005). In considering a motion to appoint counsel for an indigent plaintiff, the court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."

*Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Plaintiff seeks relief in an action filed pursuant to 28 U.S.C §2255. The Complaint sets forth the facts upon which this claim is based, and Petitioner has set forth the grounds upon which he claims relief. Petitioner asserts he is without legal ability to prosecute his Motion to Vacate, Set Aside, or Correct Sentence. This case does not appear to be so complex that Petitioner is unable to pursue this action without the assistance of counsel. Having considered the factual complexity of the case, the basis upon which Petitioner's claims rest, the ability of Petitioner to present his claim, and the complexity of the legal issues involved in this case, *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. No. 9] is **denied**.

Dated this 10th day of November, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE