UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVIS BROEKER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:22CV457 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

On April 21, 2022, Petitioner filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. This Court then ordered the United States to show cause why the relief requested in the motion should not be granted. On July 12, 2024, Petitioner filed a Motion to Supplement his Motion in which he seeks to add three additional claims. Based on the reasons set forth below, the Court will deny Petitioner's claims because they fail as a matter of law.

Background

On March 14, 2019, a Grand Jury returned an Indictment against Broeker and Barton, alleging one count of Distribution of Fentanyl Resulting in Death in violation of Title 21, United States Code, Section 841(a)(1), and one count of Conspiracy to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. (DCD 1). Barton entered a guilty plea to Conspiracy to

Distribute Fentanyl, the sole count with which she was charged. The case against Broeker proceeded to trial on September 14, 2019. At the conclusion of the evidence, Broeker made a motion for judgment of acquittal, which this Court denied. The jury found Broeker guilty of both counts charged in the indictment.

On March 15, 2021, Broeker was sentenced to an aggregate term of 276 months' imprisonment. Broeker timely filed Notice of Appeal. The Eighth Circuit Court of Appeals held that evidence was sufficient to support jury's finding that fentanyl was the cause of T.Z.'s death, and that Broeker waived challenge to credibility of witnesses' testimony by failing to raise the issue before the trial court. The Appellate Court agreed that a reasonable jury could have found Broeker guilty beyond a reasonable doubt, and therefore, reversal of the Court's denial of Broeker's motion for acquittal was inappropriate.

## Legal Standard

In general, to state a claim for relief under Title 28, United States Code, Section 2255, a petitioner must prove one of the following: (1) his sentence was imposed in violation of the laws or Constitution of the United States; (2) the sentencing court did not have jurisdiction to impose the sentence; (3) his sentence exceeded the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424 (1962). The petitioner bears the burden of proving by a preponderance of the evidence that he

is entitled to relief in cases involving collateral attack on a criminal conviction. *United States v. Skinner*, 326 F.2d 594, 597 (8th Cir. 1964).

Section 2255 is not designed to provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Instead, a Section 2255 cause of action is intended only to correct an error which rises to the level of a "fundamental defect" which "inherently results in a complete miscarriage of justice." *Hill,* 368 U.S. at 427.

Claims of Ineffective Assistance of Counsel

Petitioner's request for relief under Title 28, United States Code, Section 2255 rests primarily on claims of ineffective assistance of counsel. The standard that must be met to show ineffective assistance of counsel sets a high bar, e.g., *Love v. United States*, 949 F.3d 406, 410 (8th Cir. 2020), and "is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotation marks and citation omitted). Errors alone do not meet the ineffective-assistance standard because the Sixth Amendment "does not require perfect trial performance; it requires only competence." *Sherron v. Norris*, 69 F.3d 285, 290 (8th Cir. 1995). Courts have explained that the ineffective-assistance standard is "a most deferential one" that must be applied "with scrupulous care." *Harrington*, 562 U.S. at 105. It is "all too tempting to second-guess counsel's assistance after conviction or adverse sentence." *Id*. (internal quotation marks and citation omitted). Nevertheless, the

3

question is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id*. (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). To establish an ineffective-assistance claim, defendant must prove two separate prongs, referred to as the *Strickland* test. Failure to establish either component—deficient performance or prejudice—is fatal to a claim of ineffective assistance. *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011) (citing *Strickland*, 466 U.S. at 697). Courts do not have to evaluate both prongs of the Strickland test if defendant fails to establish one. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).

Performance Prong

First, Petitioner must show that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *Love*, 949 F.3d at 410. "An attorney is not incompetent in exercising reasonable professional judgment even when, in hindsight, the decision may have been a mistake." *Thomas v. United States*, 737 F.3d 1202, 1207 (8th Cir. 2013). Instead, the reasonableness of counsel's conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690.

4

Furthermore, the test of whether counsel's performance was deficient does "not...consider [any] attorney error in isolation, but instead...assess[es] how the error fits into the big picture of what happened at trial." *Jackson v. United States*, 956 F.3d 1001, 1006 (8th Cir. 2020) (internal quotation marks and citation omitted); see also *Davis v. United States*, 858 F.3d 529, 534 (8th Cir. 2017) (fair assessment requires that "every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time") (internal quotation marks and citation omitted). Judicial scrutiny of counsel's performance is "highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Harrington*, 562 U.S. at 104. Given that there are "countless ways to provide effective assistance in any given case," strategic choices as to how to defend a case are "virtually unchallengeable." *Strickland*, 466 U.S. at 689-90; see also *Hayes v. Lockhart*, 766 F.2d 1247, 1251 (8th Cir. 1985) ("An ineffective assistance of counsel claim cannot be based on a decision relating to a reasoned choice of trial strategy, even when proved improvident.").

Prejudice Prong

Second, Petitioner must prove actual prejudice. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial

5

whose result is reliable." *Strickland*, 466 U.S. at 687; accord, *Harrington v. Richter*, 562 U.S. 86, 104 (2011). Deprivation of a fair trial means that the Petitioner "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Harrington,* 562 U.S. at 104 (internal quotation marks and citation omitted); see, e.g., *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011).

A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Harrington*, 562 U.S. at 104 (internal quotation marks and citation omitted). It is "not enough" to show that counsel's errors had some conceivable effect on the outcome; rather counsel's errors "must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. (quoting Strickland, 466 U.S. at 687). Only when the likelihood of a different outcome is "substantial, not just conceivable," has *Strickland's* demanding standards been met. *Stewart v. Kelley*, 890 F.3d 1124, 1128 (8th Cir. 2018) (quoting *Harrington*). Importantly, speculation fails to satisfy the prejudice standard. For example, speculation about what witnesses might have said falls short. *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989); see also *Morelos v. United States*, 709 F.3d 1246, 1250 (8th Cir. 2013). In addition, speculation about what experts might have opined, *Ashker v. Class*, 152 F.3d 863, 876 (8th Cir. 1998), alternative plea offers the government might have made, *Roundtree v. United States*, 751 F.3d 923, 927

6

(8th Cir. 2014), or whether different cross-examination techniques would have produced a confession do not suffice. See *Sherron v. Norris*, 69 F.3d 285, 290 (8th Cir. 1995) ("*Strickland* does not require perfect trial performance; it requires only competence.")

The Need for an Evidentiary Hearing

Some ineffective assistance claims may require an evidentiary hearing. See, e.g. *Carnnahan v. United States*, 778 F. App'x 404 (8th Cir. 2019). However, many claims, such as those set forth by Petitioner, can be decided on the pleadings, particularly where the facts are not in dispute or where the record is fully developed. See, e.g., *Voytik v. United States*, 778 F.2d 1306, 1309 (8th Cir. 1985). No hearing is required where the allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); see also *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (evidentiary hearing properly denied where defendant's assertions stated in a conclusory fashion); *Holloway v. United States*, 960 F.2d 1348, 1358 (8th Cir. 1992) (a single, self-serving, self-contradicting statement is insufficient to render the motion, files and records of a case inconclusive). Similarly, no hearing is required where a careful review of a fully developed record shows the petitioner is entitled to no relief. *Voytik*, 778 F.2d at 1309; see also *Larson v. United States*, 905 F.2d 218, 221

7

(8th Cir. 1990) ("There is no requirement that a district court must conduct an evidentiary hearing if the record is sufficient without it."). Where the petitioner's allegations, if proven true, would entitle him to no relief regardless, an evidentiary hearing may be properly denied. *Winters v. United States*, 716 F.3d 1098, 1105 (8th Cir. 2013); see also *Hyles v. United States*, 754 F.3d 530, 534-35 (8th Cir. 2014) (evidentiary hearing properly denied because even if defendant's attorney advised her not to take the plea, defendant would be entitled to no relief under Strickland); *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) (no evidentiary hearing was necessary where the court had before it the hearing transcript and the documentary record).

Petitioner's claims of ineffective assistance of counsel do not require an evidentiary hearing as there are no facts in dispute that are material to the Court's inquiry under Section 2255. Petitioner's claims are insufficient to state a colorable claim for relief, they are conclusory in nature, and are contradicted by the record.

## Discussion

Grounds One and Four

Trial counsel did not discuss or explore with Petitioner the option of obtaining an expert to render his or her own opinion as to T.Z.'s cause of death on behalf of Petitioner

The Eighth Circuit gives great deference to counsel's judgment in selecting witnesses. *Hanes v. Dormire*, 240 F.3d 694, 698 (8th Cir. 2001). The decision

whether to call witnesses ... may be a matter of trial strategy. *Hall,* 296 F.3d at 694; *Battle v. Delo*, 19 F.3d 1547,1556 (8th Cir. 1994). Counsel's decision to call an expert is a matter of trial strategy and will not be disturbed. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

Moreover, Petitioner fails to present any argument regarding the prejudice prong of Strickland. He has failed to demonstrate any prejudice in not having any expert testimony. *Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996)(internal citation and quotation omitted)

Ground Two

Trial counsel was ineffective in failing to make offers of proof concerning evidence of T.Z.'s alternative sources of drugs which limited the appeal concerning the trial court's rulings.

As Respondent correctly argues, this claim fails. Petitioner can show no prejudice because appellate counsel raised this issue on appeal and the Appellate Court rejected the claim for reasons unrelated to trial counsel's performance.

Additionally, Petitioner again fails to present an offer of proof as to what the evidence would have been and how it would have changed the outcome of the trial.

Ground Three and Ground Six

Petitioner was not fully advised as to the ramifications of the pre-trial offer made by the Government nor fully advised about the trial process, his trial rights, and the evidence against him.

9

The record belies Petitioner's argument. On July 15, 2020, the Court held a *Frye* hearing. The Government expressly stated that an offer of pleading guilty to a distribution of controlled substance and that the Government would agree to recommend a sentence of 18 years, with moving to dismiss Court 2 of the indictment. Petitioner admitted in open court that he had been advised of the offer and that he elected to proceed to trial. He also admitted having discussed how that might affect his possible sentence.

Ground Five

Trial counsel was ineffective in failing to file a complete/or proper motion for new trial which limited the appeal concerning the trial court's rulings.

Petitioner fails to articulate any specific failure of counsel. Petitioner filed an appeal. In affirming Petitioner's conviction, the Appellate Court found the Government's evidence overwhelmingly supported his conviction.

> Broeker appeals the district court's denial of his motions for acquittal and a new trial. Because his arguments in support of both motions are almost identical, we address the motions contemporaneously. First, Federal Rule of Criminal Procedure 29(a) requires a district court to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." When reviewing a district court's denial of a motion for acquittal, "[w]e apply the same standard of review to the district court's ruling on a motion for judgment of acquittal as we do to a sufficiency of the evidence challenge." *United States v. Aungie*, 4 F.4th 638, 643 (8th Cir. 2021) (citation omitted). Reviewing this denial de novo, we "view[ ] the entire record in the light most favorable to the government, resolv[ing] all evidentiary conflicts accordingly, and accept[ing] all reasonable inferences supporting the jury's verdict." *Id*. (citation omitted). We will reverse a district court's denial of a motion for acquittal "only 'if there is no interpretation of the evidence that would allow a reasonable jury to find the

10

defendant guilty beyond a reasonable doubt.' " See *United States v. Gonzalez*, 826 F.3d 1122, 1126 (8th Cir. 2016) (citation omitted); see also *United States v. Hassan*, 844 F.3d 723, 726 (8th Cir. 2016) ("In evaluating a motion for judgment of acquittal, we cannot pass upon the credibility of witnesses or the weight to be given their testimony, as this is uniquely within the province of the trier of fact, and entitled to special deference.").

Alternatively, we review a district court's denial of a motion for a new trial under the stricter, abuse-of-discretion standard. See *Manning v. Jones*, 875 F.3d 408, 410 (8th Cir. 2017) (explaining the "key question [is] whether a new trial is necessary to prevent a miscarriage of justice"). Federal Rule of Criminal Procedure 33(a) provides that a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." However, "Rule 33 motions are 'disfavored' and a district court 'must exercise [ ] Rule 33 authority sparingly and with caution.' " *United States v. Harriman*, 970 F.3d 1048, 1058 (8th Cir. 2020) (alteration in original) (citation omitted); see also *United States v. Stacks*, 821 F.3d 1038, 1045 (8th Cir. 2016) (explaining new trials are "reserved for exceptional cases in which the evidence preponderates heavily against the verdict" (citation omitted)).

To convict a defendant of distribution of a controlled substance—here, fentanyl—resulting in death, the government must prove, beyond a reasonable doubt, *1336 that the defendant knowingly or intentionally distributed a controlled substance and that death resulted from the use of that drug. See *Burrage v. United States*, 571 U.S. 204, 210, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014); see also 21 U.S.C. § 841(a)(1) (criminalizing the knowing or intentional distribution of a controlled substance); 21 U.S.C. § 841(b)(1)(A)-(C) (imposing increased sentences when "death or serious bodily injury results from the use of [the distributed controlled substance]"). In *Burrage*, the Supreme Court explained that Congress, in choosing to use the phrase "results from" in § 841(b)(1), "import[ed] but-for causality." See 571 U.S. at 216, 134 S.Ct. 881. Since then,

> at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

11

> *Id*. at 218-19, 134 S.Ct. 881. Because Broeker admitted to distributing fentanyl to T.Z. immediately prior to T.Z.'s death, the parties only contest whether that fentanyl caused T.Z.'s death.
>
> In his motion for acquittal, Broeker argued that the government presented insufficient evidence of causation. In his view, the government only presented evidence that Broeker sold fentanyl to T.Z. and that the sale occurred in close temporal proximity to T.Z.'s first overdose, and this alone is insufficient to show that the fentanyl he distributed caused T.Z.'s death. See, e.g., R. Doc. 150, at 4 ("None of the witnesses could testify as to whether the drugs causing T.Z.'s death were the same substance(s) allegedly sold to T.Z. by Mr. Broeker. Nor did the government present any physical or documentary evidence establishing such a nexus.").
>
> However, we find that the government's evidence overwhelmingly supports Broeker's conviction.

*United States v. Broeker*, 27 F.4th 1331, 1335–36 (8th Cir. 2022).

The Appellate Court addressed Petitioner's claims and the evidence presented to support the conviction. Petitioner's vague and unsupported claims of ineffective assistance regarding his post-trial motion do not in any way present a valid claim of ineffective assistance of counsel with regard to either *Strickland* prong.

Conclusion

For the foregoing reasons, this Court will deny Petitioner's § 2255 motion and the supplement thereto without an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

12

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of federal constitutional right.

Dated this 2nd day of January, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE